## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| Plaintiff, : | |
| v. : | |
| THOMAS WISHER : | Criminal Action No. 17-45-1-LPS |
| TRACEY DANIELS, : | 17-45-2-LPS |
| Defendants. : | |

## MEMORANDUM ORDER

Pending before the Court are Defendants' Motions for Severance of Misjoined Defendants pursuant to Federal Rule of Criminal Procedure 8(b) or for Relief from Prejudicial Joinder pursuant to Federal Rule of Criminal Procedure 14. (D.I. 64, 68) Having reviewed Defendants' motions, **IT IS HEREBY ORDERED** that the motions (D.I. 64, 68) are **DENIED** for the following reasons:

1. Defendants Thomas Wisher and Tracy Daniels were indicted on May 23, 2017; the operative superseding indictment was returned on February 5, 2018. It contains the following charges as to Defendant Wisher:

> Count I: possession with intent to distribute a controlled substance, the substance being heroin, a Schedule I narcotic, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

1

Count II: possession with intent to distribute a controlled substance, the substance being phencyclidine (PCP), a Schedule III narcotic, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

Count IV: possession of a firearm by a one who has been convicted of a felony, the firearm being a Kel-Tec P32 semiautomatic handgun bearing serial number C5K70, which affects interstate commerce and had previously been shipped and transported in interstate and foreign commerce, in violation of 18 U.S.C. § 992(g)(1) and 924(a)(2).

Count V: possession of a firearm, the firearm being a Kel-Tec P32 semiautomatic handgun bearing serial number C5K70, in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

The superseding indictment also contains the following charge as to Defendant Daniels:

Count III: knowingly and intentionally rented, leased, profited from and made available for use, with and without compensation, a dwelling under her management and control, for the purpose of unlawfully storing, distributing and using a controlled substance, in violation of 21 U.S.C. § 856(a)(2) and (b).

2. An indictment "may charge two or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). In multi-defendant cases, the Third Circuit has held that "the tests for joinder of counts and defendants is merged in Rule 8(b)." *United States v. Irizarry,* 341 F.3d 273, 287 (3d Cir. 2003). To satisfy Rule 8(b), "[i]t is not enough that defendants are involved in offenses of the same or similar character; there must exist

a transactional nexus in that the defendants must have participated in 'the same act or transaction, or in the same series of acts or transactions.'" *United States v. Jimenez*, 513 F.3d 62, 82–83 (3d Cir. 2008) (quoting Fed. R. Crim. P. 8(b)).

3. In determining whether multiple defendants may be joined under Rule 8(b), the Court must focus on the indictment to determine whether a connection exists between each defendant's charges. *Irizarry*, 341 F.3d at 287; *United States v. Eufrasio*, 935 F.2d 553, 567 (3d Cir. 1991). However, the Court "may look beyond the face of the indictment to determine proper joinder in limited circumstances. Where representations made in pretrial documents other than the indictment clarify factual connections between the counts, reference to those documents is permitted." *United States v. McGill*, 964 F.2d 222, 242 (3d Cir. 1992) (affirming district court's denial of motion to sever claims under Rule 8(b) after government proffered evidence that would be introduced at trial to show relationship between charges).

4. In *McGill*, it was not apparent on the face of the indictment how a tax evasion and a bribery charge were so related as to constitute the "same act or transaction." 964 F.2d at 242. The charges, on their face, were related only insofar as both crimes tend to involve money or things of monetary value. Yet the district court permitted the government to proffer evidence that the defendant used cash payments from clients, arising out of an alleged bribery, to further an alleged tax evasion scheme. *See id.* at 241-42. The Court of Appeals affirmed. *See id.* at 222.

5. Here, Counts I and II ("the possession charges") of the Superseding Indictment (D.I. 41) allege that Defendant Wisher knowingly possessed with intent to distribute a controlled substance. Count III ("the dwelling charge") alleges that Defendant Daniels knowingly and

3

intentionally rented, leased, profited from, and made available for use, with and without compensation, her property ("the Dwelling"), for the unlawful storing and distribution of a controlled substance. As in *McGill*, the counts, on their face, appear to relate only insofar as they involve a controlled substance intended for distribution.[1]

6. However, also like in *McGill*, the government has proffered substantial evidence to show how the counts relate, in that: (i) both Defendants and the controlled substances central to the possession charges were located at or near the Dwelling at the time of arrest; (ii) a sworn affidavit by a Wilmington Police Detective detailed four different controlled buys of a controlled substance over a six-month period, all involving the Dwelling and each of the Defendants; (iii) the Defendants sent cellular communications and a letter indicating that they were in a longstanding romantic relationship at least at the time of arrest; (iv) the Dwelling contained men's and women's clothing, had paperwork and bills naming both Defendants, and Daniels' children and Wisher's nephew were located in the Dwelling at the time of the search, all suggesting Defendants resided together in the Dwelling; and (v) the Defendants each had phones in the Dwelling – phones containing numerous cellular communications referencing each other, the Dwelling, and transactions involving controlled substances. The messages also indicate that Defendant Daniels was allegedly aware of, and involved in, at least some of the alleged drug transactions, and that some transactions occurred, at least in part, at the Dwelling.[2]

---

[1]Counts IV and V ("the firearm charges") also allege that Defendant Wisher possessed a firearm, that had been shipped in interstate commerce, in furtherance of a drug trafficking crime. Count V, on its face, appears to relate only insofar as it involves a controlled substance (drug trafficking).

[2]As to Counts IV and V, detectives observed an object being thrown from the front bedroom window as the search was being conducted. The object turned out to be a sweatshirt, certain

4

7.	Based on the pretrial evidence proffered by the government, the Court concludes that all of the charges arise from the same series of acts or transactions. The government has shown a connection between Defendant Daniels and the dwelling charge, and Defendant Wisher and the possession and firearm charges. The controlled substances central to the possession charge (and the firearm central to the firearm charges) were confiscated from or near the Dwelling, and the government alleges that the same evidence will be used to establish Daniels' knowledge and intent as to the dwelling charge. (D.I. 78 at 11-12) In sum, the controlled substances central to Counts I and II are a predicate for Count III. As the government argues, it appears that "Daniels did not simply share the dwelling with Wisher; she did so as part of an [alleged] illegal venture in which they were both involved." (D.I. 78 at 9) For these reasons, Defendants have failed to show that their charges merit severance under Rule 8(b).

8.	In the alternative, Defendants argue that the motions to sever should be granted under Rule 14. "If the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14. But "[t]here is a preference in the federal system for joint trials of defendants who are indicted together," *Zafiro v. United States*, 506 U.S. 534, 537, 113 S. Ct. 933 (1993), and a defendant bears "'a heavy burden in gaining severance,'" *United States v. Prawdzik*, 484 F. App'x 717, 721 (3d Cir. 2012) (unpublished) (quoting *United States v. Quintero,* 38 F.3d 1317, 1343 (3d Cir. 1994)). If joinder is proper under Rule 8(b), "a district court should grant severance under Rule

---

controlled substances, and the firearm at issue in the firearm charges, thereby establishing a transactional nexus between the firearm and the possession and dwelling charges.

14 only if there is a serious risk that a joint trial would compromise a specific legal right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Shabazz*, 319 F. App'x 127, 130 (3d Cir. 2009) (unpublished); *see also United States v. Gorecki*, 813 F.2d 40, 43 (3d Cir. 1987).

9. Defendants offer three theories of prejudice: (1) the number and nature of the charges against Defendant Wisher will result in an inability for the jury to compartmentalize the evidence properly as to each defendant individually, particularly because there is little commonality of proof (D.I. 64 at 8-9); (2) Defendant Wisher would like to proceed to trial at a faster pace than Defendant Daniels (D.I. 68 at 1); and (3) each Defendant may testify at trial, raising Constitutional and evidentiary issues for both defendants (*id.*).

10. First, the Court disagrees with Defendants that a jury will be unable to compartmentalize the evidence. Defendants rely merely on general speculation based on the nature of Defendant Wisher's alleged crimes. While the government may proffer evidence at trial against Defendant Wisher (but not Defendant Daniels) related to the firearm charges, and against Defendant Daniels (but not Defendant Wisher) related to certain controlled buys of a controlled substance,[3] that alone does not justify severance. *See, e.g., United States v. Adens*, 2015 WL 894205, at *6 (E.D. Pa. Feb. 27, 2015) (rejecting Defendant's request to sever money laundering conspiracy from drug distribution conspiracy under Rules 8(b) and 14, even though evidence of certain weapons offenses directed at drug distribution conspiracy would not be used against Defendant charged as part of money laundering conspiracy). "[A] defendant is not

---

[3]The government alleges that there were multiple controlled buys involving each of the Defendants, thereby reducing the likelihood of prejudicial spillover as to this evidence. (D.I. 78 at 2)

6

entitled to a severance merely because evidence against a co-defendant is more damaging than the evidence against the moving party," *United States v. Lore,* 430 F.3d 190, 205 (3d Cir. 2005), or because evidence may relate to different defendants, *United States v. John-Baptiste,* 747 F.3d 186, 197 (3d Cir. 2014). Any potential prejudice can be adequately addressed by a limiting instruction. *See United States v. Reyeros,* 537 F.3d 270, 286 (3d Cir. 2008) (affirming district court denial of severance under Rule 14 where court provided limiting instruction); *Adens,* 2015 WL 894205, at *6 (finding limiting instruction would cure any potential prejudice from having certain evidence proffered against some, but not all, defendants).

11. Second, the Court is unconvinced by Defendants' bare assertions that Defendants are pursuing their cases at different paces. Defendants have not set forth any specific evidence or allegations that the cases are, in fact, moving at substantially different paces, or how proceeding at Defendant Wisher's pace would prejudice Defendant Daniels.

12. Third, the Court is also unpersuaded by Defendants' bare assertions that each Defendant may wish to testify at trial. *See Gorecki,* 813 F.2d 40, 43 (3d Cir. 1987) ("Defendant's bare allegation that the joinder prevented his testimony on the weapons charge, without a specific showing as to what that testimony may have been, fails to meet the stringent requirements for a Rule 14 showing of prejudice."). Courts considering motions to sever on this ground look to "(1) the likelihood of co-defendant's testifying; (2) the degree to which such testimony would be exculpatory; (3) the degree to which the testifying co-defendants could be impeached; [and] (4) judicial economy." *United States v. Boscia,* 573 F.2d 827, 832 (3d Cir. 1978). Defendants have not addressed any of these factors here. For these reasons, Defendants have failed to show that their charges merit severance under Rule 14.

**IT IS FURTHER ORDERED** that the parties shall meet and confer and, no later than December 10, 2018, the government, on behalf of all parties, shall submit a joint status report, providing the parties' position(s) as to when they can be prepared for trial and their estimate(s) as to the likely length of the trial. The joint status report shall also provide the parties' position(s) on how the Court should proceed with respect to the remaining pending motions (D.I. 69, 70, 71, 74).

December 3, 2018
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE